IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDRE EDWIN ALLEN | * | |
| | * | Civil Action No. CCB-15-3662 |
| v. | * | Criminal Action No. CCB-95-0405 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| | *** | |

**MEMORANDUM**

Andre Edwin Allen, a Maryland Division of Correction prisoner incarcerated at Jessup Correctional Institution in Jessup, Maryland, filed this petition on November 30, 2015, seeking permission to file a successive "habeas corpus" petition.[1] (ECF 144). Allen was convicted in this court on June 13, 1996 of multiple counts involving bank robbery and firearm offenses, and sentenced to 780 months of incarceration. (ECF 144 at p. 1). His convictions and sentences were affirmed on appeal. (Docket Entry 98). Allen's collateral attack on his conviction, filed as a motion to vacate pursuant to 28 U.S.C § 2255, was denied with prejudice on December 7, 2000. (ECF 116 & 117). His appeal of the denial of the motion to vacate was dismissed by the United States Court of Appeals for the Fourth Circuit on December 17, 2001. (ECF 125).

Allen's request for permission to file a second or successive motion to vacate was denied by the Fourth Circuit on November 10, 2008. (ECF 139). He now asks this court to entertain a second or successive attack on his conviction by way of a petition for writ of habeas corpus, alleging ineffective assistance of trial counsel with regard to in-court witness identification by key prosecution witnesses. (ECF 144 at p. 2).

---

[1] Allen notes his petition is filed pursuant to 28 U.S.C. § 2244. Section 2244 provides that neither a circuit nor a district judge shall be required to entertain a writ of habeas corpus if it appears that the legality of such detention has been determined by a federal judge in a prior petition, except as provided in § 2255. Section 2255(h) provides that a second or successive petition cannot proceed absent certification from a circuit court, based on narrow criteria set out therein. As Allen directed his petition to this district court, § 2244 provides no basis for review. Therefore, his petition is examined under the federal habeas statutes, 28 U.S.C. §§ 2241 and 2255.

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a). A federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a). *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).[2]

The nature of the claim presented suggests Allen intends to challenge his federal conviction and sentence. Thus, his ineffective assistance claim must be brought by way of a motion to vacate filed pursuant to 28 U.S.C. § 2255. Allen may not circumvent the limitations on successive collateral review by attaching a different label to his pleading. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). The instant action represents a successive § 2255 challenge to Allen's convictions.

Where a petitioner who has previously filed a § 2255 motion attempts to raise a new claim for relief, it must be treated as a successive motion and dismissed, unless the claims asserted may not have been available to him at the time his first motion was filed. *See United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014). Regardless of the label used, it is the subject matter of the motion and not its title which determines its status. *See Winestock*, 340 F.3d at 203. As a successive § 2255 motion, the merits of Allen's petition may not be considered absent leave to do so from the Fourth Circuit. *See* 28 U.S.C. § 2255(h). Under 28 U.S.C. § 2255(h):

---

[2] Although a federal prisoner may not generally seek collateral relief from a conviction or sentence by way of a § 2241 petition, there is a "savings clause" in § 2255 which provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a § 2255 motion." *Vial*, 115 F.3d at 1194 n.5. Further, § 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Jones*, 226 F.3d at 333. In this case, petitioner neither asserts, nor does the record suggest, that the "savings clause" applies.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Allen provides no evidence he has received the proper certification from the Fourth Circuit. Consequently, this court may not consider the merits of the claim.

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk shall provide a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Allen wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Allen must file the pleading with the Fourth Circuit and obtain authorization to file a successive petition before this court may examine the claim.

In addition to the above analysis, a certificate of appealability ("COA") must be considered. Unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such

permission.  Because Allen has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

For the reasons set forth herein, this court is without jurisdiction to review the instant Motion to Vacate.  A separate order follows.


<u>December 10, 2015</u>                                         _____/S/_____
Date                                                                            Catherine C. Blake
                                                                                     United States District Judge